PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1999 Dodge Dakota struck a hole on Ewart Avenue in Beckley, Raleigh County. Ewart Avenue is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:00 p.m. on March 24, 2010, a wet evening. Ewart Avenue is a narrow two-lane road. At the time of the incident, Claimant Jeffrey Alpaugh was delivering groceries to a friend. Mr. Alpaugh stated that as he drove southwest on Ewart Ave towards Harper Road a truck approached him from the opposite direction with its high beams on. Claimant testified that he regularly drives this route and was aware of the hole on Ewart, approximately two feet in diameter and five inches deep, and he was usually able to maneuver his car around it. However, according to Mr. Alpaugh, on this occasion he was temporarily blinded by the lights of the oncoming vehicle and was forced to decide between his vehicle striking the hole, hitting the oncoming vehicle, or risk driving his vehicle into a treacherous ditch on the side of the road. Claimant’s vehicle struck the hole with the passenger side tires. As a result of this incident, Claimant’s vehicle sustained damage to the front wheel knuckle and caliper pin in the amount of $935.96. Claimant had liability insurance only.
Kathleen Loving, a resident of Ewart Avenue, testified on behalf of the Claimant. Ms. Loving stated that she is familiar with the hole Claimant’s vehicle struck, and she was aware of its existence prior to March 24, 2010. Ms. Loving agreed with Claimant’s representation of the hole as being very deep. Ms. Loving also concurred with Claimant’s assertion that if a driver attempts to avoid the hole by driving to the right on the berm, their vehicle will likely end up in the ditch. She stated that the only way to avoid hitting the pothole is to drift to the left over the center lane line, which would be impossible if there is oncoming traffic.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Ewart Avenue at the time of the incident. Brian Ramplewich, Crew Supervisor for Respondent in Raleigh County, testified that to the best of his knowledge no one had reported the pothole in question prior to the March 24, 2010. Mr. Ramplewich stated that the past winter was unusually harsh, and caused over a thousand potholes in Raleigh County. According to Mr. Ramplewich, Ewart Avenue is classified as a secondary road and is not a high priory for repairs.
The well-established principle of law in West Virginia is that the State is *184 neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the pothole on Ewart Ave. Since a large pothole on a narrow road creates a hazard to the traveling public, the Court finds Respondent negligent. Flowever, in a comparative negligence jurisdiction, such as West Virginia, the negligence of a Claimant may reduce or bar recovery of a claim. In accordance with the finding of fact and conclusions of law stated herein above, the Court has determined that Claimant was 40% negligent for the incident that occurred. Since Respondent’s negligence was greater than the negligence of Claimant, Claimant may recover sixty per cent (60%) of his loss.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $561.58.
Award of $561.58.